IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| GERALD JOYNER,<br><br>        Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC TRANSUNION, LLC, and PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a FEDLOAN SERVICING,<br><br>        Defendants. | Case No. 3:20-CV-00126-RJC-DSC<br><br>**DEFENDANT PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY d/b/a FEDLOAN SERVICING'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing ("Defendant" and/or "PHEAA"), by and through its undersigned counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Gerald Joyner's ("Plaintiff").

## NATURE OF THE ACTION

1. The allegations set forth in Paragraph 1 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

2. PHEAA is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint regarding Plaintiff's actions, and therefore denies the same.

3. The allegations set forth in Paragraph 3 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. The allegations set forth in Paragraph 4 of the Complaint pertain to a defendant other than PHEAA. PHEAA is without sufficient knowledge and/or information to form a belief as to the truth of those allegations, and therefore denies the same.

5. The allegations set forth in Paragraph 5 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

6. The allegations set forth in Paragraph 6 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

7. To the extent that the allegations set forth in Paragraph 7 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission. To the extent any response is required, PHEAA denies that Plaintiff is entitled to any relief whatsoever.

## JURISDICTION AND VENUE

8. The allegations set forth in paragraph 8 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

9. The allegations set forth in paragraph 9 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to law, they are denied.

## PARTIES

**Plaintiff**

10. PHEAA is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint regarding Plaintiff's residency or citizenship, and therefore denies the same.

**Defendants**

11. The allegations set forth in Paragraph 11 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

12. The allegations set forth in Paragraph 12 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

13. The allegations set forth in Paragraph 13 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

14. The allegations set forth in Paragraph 14 of the Complaint refer to the text of a federal statute, which speaks for itself, and/or contain statements or conclusions of law, to which no response is required. To the extent that the allegations vary from the text of the statute itself and/or are contrary to the law, they are denied.

15. The allegations set forth in Paragraph 15 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

16. The allegations set forth in Paragraph 16 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

17. The allegations set forth in Paragraph 17 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

**FedLoan**

18. The allegations set forth in Paragraph 18 of the Complaint purport to summarize documents and/or are legal conclusions to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

19. The allegations set forth in Paragraph 19 of the Complaint are denied.

20. The allegations set forth in Paragraph 20 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

21. The allegations set forth in Paragraph 21 of the Complaint purport to summarize documents and/or are legal conclusions to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

22. The allegations set forth in Paragraph 22 of the Complaint purport to summarize documents, that speak for themselves, and/or are legal conclusions, to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

23. The allegations set forth in Paragraph 23 of the Complaint purport to summarize documents, that speak for themselves, and/or are legal conclusions, to which no response is required. To the extent the allegations are contrary to the law and/or vary from the documents, they are denied.

24. The allegations set forth in Paragraph 24 of the Complaint are denied.

**Plaintiff suffered harm from CRA Defendant's willful, intentional, reckless and/or negligent misconduct**

25. The allegations set forth in Paragraph 25 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

26. The allegations set forth in Paragraph 26 of the Complaint purport to summarize documents and/or are legal conclusions to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

27. The allegations set forth in Paragraph 27 of the Complaint purport to summarize documents and/or are legal conclusions to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

28. The allegations set forth in Paragraph 28 of the Complaint purport to summarize documents and/or are legal conclusions to which no response is required. To the extent that the allegations vary from the text of the documents themselves and/or are contrary to the law, they are denied.

29. The allegations set forth in Paragraph 29 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied

**CRA Defendants failed to maintain adequate policies and procedures**

30. The allegations set forth in Paragraph 30 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

31. The allegations set forth in Paragraph 31 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

32. The allegations set forth in Paragraph 32 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## CAUSES OF ACTION

## COUNT I

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

33. Defendant incorporates by reference its responses to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.

34. The allegations set forth in Paragraph 34 of the Complaint refer to the text of a federal statute, which speaks for itself, and/or contain statements or conclusions of law, to which no response is required. To the extent that the allegations vary from the text of the statute itself and/or are contrary to the law, they are denied.

35. The allegations set forth in Paragraph 35 of the Complaint refer to the text of a federal statute, which speaks for itself, and/or contain statements or conclusions of law, to which no response is required. To the extent that the allegations vary from the text of the statute itself and/or are contrary to the law, they are denied.

36. The allegations set forth in Paragraph 36 of the Complaint refer to the text of a federal statute, which speaks for itself, and/or contain statements or conclusions of law, to which no response is required. To the extent that the allegations vary from the text of the statute itself and/or are contrary to the law, they are denied.

37. The allegations set forth in Paragraph 37 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

38. The allegations set forth in Paragraph 38 of the Complaint contain statements and/or conclusions of law, to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## COUNT II

**Against Furnisher Defendant for Violation of the FCRA, 15 U.S.C. §§ 1681s-2(b)**

39. Defendant incorporates by reference its responses to the foregoing paragraphs of Plaintiff's Complaint as though fully set forth herein.

40. The allegations set forth in Paragraph 40 of the Complaint refer to the text of a federal statute, which speaks for itself, and/or contain statements or conclusions of law, to which no response is required. To the extent that the allegations vary from the text of the statute itself and/or are contrary to the law, they are denied.

41. The allegations set forth in Paragraph 41 of the Complaint are denied.

42. The allegations set forth in Paragraph 42 of the Complaint are denied.

43. The allegations set forth in Paragraph 43 of the Complaint are denied.

44. The allegations set forth in Paragraph 44 of the Complaint are denied.

## PRAYER FOR RELIEF

PHEAA denies that Plaintiff is entitled to the relief set forth in the unnumbered "WHEREFORE" paragraph following Paragraph 44 of the Complaint, including subparagraphs A-C.

## JURY DEMAND

Defendant admits that Plaintiff demands a trial by jury for all claims and issues stated in this complaint, to which Plaintiff is, or may be, entitled to a jury trial.

PHEAA denies that Plaintiff is entitled to any relief whatsoever.

All allegations not specifically admitted herein are denied.

PHEAA reserves the right to rely upon any and all defenses as may become known through discovery or at trial.

PHEAA reserves the right to amend its Answer to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff's Complaint fails to the extent that it is time-barred by the applicable statute of limitations and/or the doctrine of laches.

2. Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against PHEAA and fails to state facts sufficient to entitle Plaintiff to the relief sought.

3. Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, PHEAA acted in good faith and complied fully with the FCRA.

4. Plaintiff cannot recover from PHEAA to the extent that any damages that Plaintiff may have suffered, which PHEAA continues to deny, directly and proximately resulted from Plaintiff's own acts and/or omissions.

5. Plaintiff cannot recover from PHEAA to the extent that any damages that Plaintiff may have or will suffer as alleged in the Complaint, which PHEAA continues to deny, have been and will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or

omissions of persons or entities over whom PHEAA had no control, and for whom PHEAA is not responsible, which bars or diminishes any recovery by Plaintiff against PHEAA.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has not suffered any actual damages.

7. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff has failed to mitigate his damages.

8. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, PHEAA states that while it does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, PHEAA is entitled to the affirmative defense that any such award must comport with the Due Process Clause of the Constitution of the United states of America.

9. At all times relevant, PHEAA acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

10. Plaintiff cannot recover from PHEAA under the Complaint to the extent that Plaintiff has not alleged or cannot maintain an actual injury-in-fact as this deprives the Court of Article III jurisdiction.

11. PHEAA reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Pennsylvania Higher Education Assistance Agency, Inc., d/b/a FedLoan Servicing Company, by counsel, respectfully requests that the Court dismiss all of the Plaintiff's claims against PHEAA, with prejudice, enter judgment in favor of PHEAA, and against Plaintiff, and award PHEAA such other and further relief as the Court may deem just and appropriate.

This 11th day of May, 2020.　　　　**TROUTMAN SANDERS LLP**

*/s/ Keaton C. Stoneking*
Keaton C. Stoneking, Esq. Bar No. 53627
TROUTMAN SANDERS LLP
One Wells Fargo Center
301 S. College Street, Suite 3400
Charlotte, NC  28202
Telephone: 704.998.4050
Facsimile:   704.998.4051
Email:  Keaton.stoneking@troutman.com
*Attorney for Defendant Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing Company*